UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICHARD BELL,                    )
                                 )
        Plaintiff,               )
                                 )
    v.                           )        Case No. 4: 19 CV 1320 RWS
                                 )
GATEWAY BLEND, LLC,              )
                                 )
        Defendant.               )

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Richard Bell, an attorney and photographer, brings a claim of copyright infringement against defendant, alleging defendant used his copyrighted photograph without authorization. *See* 17 U.S.C. § 501.  This lawsuit is one of over 100 copyright lawsuits filed by Bell involving the same photograph of the Indianapolis skyline (the "skyline photograph").  In a similar lawsuit filed by Bell in the Southern District of Indiana over the skyline photograph, a jury found against Bell and decided that he did not own the copyright in the photo.  *Bell v. Carmen Commercial Real Estate Servs*., Case Number 1:16CV1174 JRS-MPB (S.D. Ind. Sept. 26, 2019) (S.D. Ind. Docket Entry 135).  Bell filed a motion for new trial, which was denied by the Indiana district court on August 25, 2020. (ECF No. 38-1).

Defendant Gateway Blend moves for judgment on the pleadings on the ground that Bell is precluded from relitigating the issue of whether he owns a copyright interest in the skyline photograph based on the jury verdict in *Carmen*. For this reason, and the reasons that follow, the motion is granted and this case is dismissed without prejudice.

<u>Standards Governing Motions for Judgment on the Pleadings</u>

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is reviewed using the same standard that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *NanoMech, Inc. v. Suresh*, 777 F.3d 1020, 1023 (8th Cir. 2015) (citing *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 912-13 (8th Cir. 2014)). Therefore, courts must consider whether the complaint pleads "'enough facts to state a claim that is plausible on its face.'" *NanoMech*, 777 F.3d at 1023 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "'[L]egal conclusions' and 'threadbare recitations of the elements of a cause of action, supported by mere conclusory

2

statements,' are not entitled to a presumption of truth when considering the sufficiency of a complaint." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level . . . .'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555).  The Court does not accept as true any "'legal conclusion couched as a factual allegation.'" *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

<u>Background Facts</u>

In his complaint for copyright infringement, Bell alleges that he registered the skyline photograph with the United States Copyright Office under registration number VA0001785115.  (ECF No. 1).  Bell contends that he discovered Gateway Blend's alleged unauthorized use of the skyline photograph in February 2019 using

an image tracing program.  (ECF No. 1).  Bell then filed the instant complaint against Gateway Blend in May of 2019.  (ECF Doc. 1).

Bell sued a different defendant for copyright infringement over the skyline photograph in the Southern District of Indiana and lost the jury trial.  *Bell v. Carmen Commercial Real Estate Servs*., Case Number 1:16CV1174 JRS-MPB (S.D. Ind. Sept. 26, 2019).  In *Carmen*, the defendant challenged the validity of Bell's copyright ownership in the skyline photograph.  At trial, the defendant offered evidence that at the time Bell allegedly took the skyline photograph, he was a partner and part owner of the law firm Cohen & Malad, LLP.  The defendant argued that the photograph was taken within the scope of Bell's employment with the law firm, such that the skyline photograph was a work for hire owned not by Bell but by his employer.  After consideration of the evidence, the jury concluded that Bell "did not prove by a preponderance of the evidence that he authored the Indianapolis Skyline Photo, that he owns a copyright in it, and that he registered it with the Copyright Office.  (S.D. Ind. Docket Entry 138).  Bell moved for a new trial, arguing that defendant should not have been allowed to submit the "work for hire" issue to the jury.  The district court denied the motion for new trial in an opinion issued August 24, 2020, concluding that defendant properly raised the work for hire defense.  (ECF No. 38).

<u>Discussion</u>

As a jury has determined that Bell does not own the copyright in the skyline photograph, Gateway Blend contends that he is collaterally estopped from arguing that he owns the copyright in this case, which is an essential element of his claim. *See Warner Bros. Entertainment, Inc. v. X One X Prods.*, 644 F.3d 584, 595 (8th Cir. 2011) (elements of copyright infringement are ownership of a valid copyright and copying of original elements of the copyrighted work).  Bell does not dispute that he must prove that he owns the copyright in the skyline photograph to prevail in this case but argues that he should not be precluded from asserting his ownership rights based on the *Carmen* verdict.

In the Eighth Circuit, the doctrine of issue preclusion has five elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007) (citing *Anderson v. Genuine Parts Co., Inc.*, 128 F.3d 1267, 1273 (8th Cir. 1997).  Here, there is no dispute that Bell, the party sought to be precluded in this case, was also the plaintiff in *Carmen*. Nor is there any dispute that the issue of ownership of the copyright in skyline

photograph, which the jury resolved against Bell in *Carmen*, is the same issue sought to be precluded in this case.  The issue of Bell's ownership of the copyright was actually litigated in the *Carmen* case and was resolved adversely to Bell.  The Southern District of Indiana's opinion denying Bell's motion for new trial discusses at length the determination that Bell did not prove he owned the copyright, thus demonstrating that the issue was the basis for, and thus essential to, the defense verdict in *Carmen*.  (ECF 38-1).

Bell argues that the work for hire issue was wrongly decided by the *Carmen* court and points to numerous other cases where he was awarded damages in copyright infringement cases brought by him over the skyline photograph.  But it is not the province of this Court to determine if the decision in *Carmen* is erroneous. Instead, this Court's consideration of the decision is limited to an examination of whether the issue of his ownership of the copyright in the skyline photograph was actually and necessarily decided in *Carmen*.  Clearly, it was.  Nor does the fact that he may have other judgments in his favor preclude application of issue preclusion against him here.  Bell argues that he is entitled to use "offensive collateral estoppel" against Gateway Blend to prevent it from contesting his ownership of the copyright because other courts have entered judgments in his favor in copyright infringement cases brought over the skyline photograph.  Offensive collateral estoppel cannot be applied in this case because Gateway Blend was not a party to

6

any of those cases or in privity with any party who was.  *Parklane Hosiery Co. v. Shore,* 439 U.S.  322, 327 n.7 (1979).  Therefore, issue preclusion will apply here as long as the last element is met, namely that the *Carmen* judgment is final.

The *Carmen* judgment is a final judgment entitled to preclusive effect. Bell's argument that the *Carmen* judgment is not final because his motion for new trial and defendant's motion for attorney's fees were pending in the Southern District of Indiana has now been rendered moot by the *Carmen* court's August 25, 2020 decision denying Bell a new trial and awarding defendant $172,173.06 in attorney's fees and costs.  (ECF 38-1).  Nor does Bell's potential appeal of *Carmen* affect the finality of the judgment for purposes of issue preclusion.  *See John Morrell & Co. v. Local Union 304A of United Food & Commercial Workers, AFL-CIO*, 913 F.2d 544, 563 (8th Cir. 1990) ("finality for purpose of appeal under [28 U.S.C.] section 1291 is not necessarily the finality that is required for issue preclusion purposes."); *J.Y.C.C. v. Doe Run Resources, Corp.*, 403 F. Supp. 3d 737, 745 (E.D. Mo. 2019).  Issue preclusion may be invoked when "previous litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again."  *In re Nangle*, 274 F.3d 481, 485 (8th Cir. 2001) (internal quotation and citations omitted).  Precluding Bell from relitigating the issue of whether he owns the copyright in the skyline photograph is consistent with the decision reached by the district court in the

District of Oregon in *Bell v. Davis*, 430 F. Supp. 3d 718, 723-24 (D. Ore. 2019). Like the District Court of Oregon, this Court likewise concludes that the adverse jury verdict in *Carmen* precludes Bell in this case from asserting that he has a copyright interest in the skyline photograph. *See id.*  Because Bell is precluded from establishing an essential element of his claim for copyright infringement against Gateway Blend, his complaint must be dismissed without prejudice.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the motion for judgment on the pleadings [22] is granted, and plaintiff's complaint is dismissed without prejudice.

A separate Order of Dismissal is entered this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2020.

---

[1] Although Gateway Blend's motion initially sought dismissal with prejudice, in a subsequent filing with this Court it concedes that Bell's complaint should be dismissed without prejudice in the event that *Carmen* is reversed on appeal.  (ECF 34 at 5) ("Granting Gateway's motion and dismissing Bell's complaint without prejudice to refile . . . would end this litigation . . . . Bell may refile if . . . the judgment in *Carmen* is overturned . . . .").